STATE *ex rel.* BENNETT, DIST. ATTY., *v.* BOARD OF SUP'RS OF WILKINSON COUNTY.

(Division A. Nov. 18, 1929.)

[124 So. 490. No. 28285.]

**Jones & Stockett,** of Woodville, for appellant.

Tucker & Tucker, of Woodville, for appellee.

Argued orally by **A. H. Jones**, for appellant, and by **H. Clay Tucker**, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

This is an appeal from a judgment dismissing a petition for a writ of mandamus. The petition alleged, in substance, that the board of supervisors of Wilkinson county had created two separate road districts under the provisions of chapter 176, Laws of 1914 (chapter 207, Laws of 1920), and laws amendatory thereof, and had sold bonds of said road district to the amount of one hundred twenty-five thousand dollars; that thereafter contracts for the construction of the roads were let aggregating something over one hundred seven thousand dollars; that the road engineer estimated it would cost, in addition thereto, about thirty-one thousand four hundred thirty-three dollars to construct larger bridges on the roads; that, under the statutes, it was the duty of the board of supervisors to construct all bridges on these roads costing more than twenty-five dollars each, and pay therefor out of the general county fund, but that the board has, by resolution on its minutes, declared its purpose of paying for these bridges out of the proceeds of the road bonds. The prayer of the petition is that the board be ordered to pay for all bridges on these roads costing more than twenty-five dollars out of the general county fund, and to provide, by taxation, the money therefor.

It will be observed that the petition does not allege that the roads have been constructed and are without the necessary bridges thereon, so the petition presents no cause of complaint against the board of supervisors on that score.

Assuming, merely for the purpose of argument, that the appellant is correct in its contention that the board of supervisors should pay for these bridges out of the general county fund, it cannot be coerced into so doing by a writ of mandamus until it is made to appear that

the bridges have been built and have not been paid for, even if mandamus would then lie. Should the board, after the building of these bridges, attempt to pay therefor out of the wrong fund, it can be restrained from so doing by any proper proceeding.

Affirmed.